Kristina N. Holmstrom, #10086
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
10801 W. Charleston Blvd., Ste. 500
Las Vegas, NV 89135
Telephone: 702-369-6800
Fax: 702-369-6888
kristina.holmstrom@ogletree.com
*Attorney for Defendant*
*Metropolitan Life Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF JIM LAMONT IRVING, DECEASED, | Case No.: 2:25-cv-00304-APG-DJA |
| Plaintiff, | |
| vs. | **DISCOVERY PLAN AND SCHEDULING ORDER** |
| METROPOLITAN LIFE INSURANCE COMPANY, | **(Special Scheduling Review Requested)** |
| Defendant. | |

Plaintiff, the Estate of Jim Lamont Irving, and Defendant, Metropolitan Life Insurance Company jointly request special scheduling review and submit the following discovery plan and order for this case.

**I.      Rule 26(f) Conference.**

In accordance with Federal Rule of Civil Procedure 26(f), Shawanna L. Johnson, counsel for the Plaintiff, and Kristina N. Holmstrom, counsel for MetLife, conferred on May 20 and May 29, 2025. The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below. The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded at this time. The Estate reserves the right to demand a jury trial as the case continues and MetLife reserves the right to object to any demand.

## II. Nature of Case and Purpose of Special Review.

The suit in this matter involves the Estate's claim for benefits under the Federal Employees Group Life Insurance Program ("FEGLI Program") established by the Federal Employees Group Life Insurance Act, 5 U.S.C. §8701 *et seq.* ("FEGLIA"), as a result of the death of Jim Lamont Irving (the "Decedent"). The Estate contends that MetLife erroneously paid the Decedent's FEGLI benefits to his father, Reverend Irving.

FEGLIA provides that "The Office of Personnel . . . may purchase from one or more life insurance companies a policy or policies of group life and accidental death and dismemberment insurance to provide [FEGLI] benefits." 5 U.S.C.A. § 8709(a). Once a contract is in place,

> [t]he provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1).

Federal regulations likewise confirm that FEGLI "benefits are payable *according to a contract* with the company or companies that issue a policy under § 8709 of title 5, United States Code." 5 C.F.R. § 870.102 (emphasis added).

Section 2.6 of the Federal Employees' Group Life Insurance Program outlines the "Payment of Claims." Specifically,

> (a) [MetLife] shall pay the Insurance in Force (plus applicable interest) of the Insured Person based on receipt of satisfactory written proof. Satisfactory written proof consists of Government Agency or OPM certification of coverage *(Section 2.4, Certification of Coverage),* and a certified death certificate or other proof deemed satisfactory by the Contractor when a certified death certificate is not available. [MetLife] shall use reasonable diligence to ensure that the proof is satisfactory. [MetLife's] determination as to the entitlement to payment of Benefits is to be given full force and effect, unless it can be shown that the determination was arbitrary and capricious.

MetLife's decision to pay Reverend Irving is subject to arbitrary and capricious review. *See, e.*g., *Finney v. Metro. Life Ins. Co.*, 2024 WL 4138752, at *7 (N.D. Ala. Sept. 10, 2024) ("Under the FEGLIA contract, MetLife is vested with discretion in reviewing claims for benefits. . . . So the court can reverse MetLife's claims determination only if MetLife's decision . . . was arbitrary and capricious."); *Karzai v. Metro. Life Ins. Co.*, 680 F. Supp. 3d 315, 321 (S.D.N.Y. 2023) (MetLife's decision as to the proper beneficiary is subject to arbitrary and capricious review). This case is thus akin to an administrative proceeding.

**MetLife's Position:** It is Met Life's position that no discovery plan and scheduling order is generally required for review of an administrative record. LR 16-1(c)(1). An action for an administrative review usually require that the parties file a briefing schedule. LR 16-1(c).

**The Estate's Position:** The Estate of Jim Irving is still reviewing its litigation options to determine the right to a full adjudication of this case in line with the Rules of Civil Procedure and Local Rules, and not merely to consider this an Administrative Action. The Estate of Jim Irving does not characterize this case as an Administrative Action, as Met Life is not a government entity and is not subject to treatment as a government or administrative entity under federal law. MetLife is a third party private insurance company in contract with the federal government, and as such, is properly considered a private corporate party subject to the claims and defenses available pursuant to the Federal Rules of Civil Procedure. This Court has already contemplated that this is a civil matter, not a matter for administrative review, which is supported by the need to obtain an order from Probate Court to determine the proper procedure for the Estate to assert claims, defenses, and counterclaims regarding its entitlement to payment. The Estate will confer with Met Life when further orders and instructions from the Probate Court.

### III. Proposed Plan.

The parties have conferred and agree as follows:

The Estate is currently in the process of petitioning the Probate Court for permission and/or instructions on how to handle this matter on behalf of the Estate. The Estate will be seeking clarification on whether the probate matter needs to be converted to an alternative action (i.e., a general administration), and what claims (if any) the Estate has authority to assert in the federal action. This matter will be briefed and filed by June 6, 2025 with service to Met Life to respond in turn. Upon the Probate Court's decision, the Estate will have further additional details to add to this Report/Discovery Plan.

    **A.**    **Production of the Administrative Record:** MetLife will disclose a copy of the FEGLIA administrative record by **August 1, 2025**.

    **B.**    **Filing of FEGLIA Administrative Record and Briefing of the Merits of the Case:** On or before **September 5, 2025**, MetLife will file the Administrative Record with this Court, the contents of which will be agreed upon by the parties

The parties propose that the parties' cross-motions for summary judgment be filed no later than **October 3, 2025**. Thereafter, the parties will file cross-responses by **November 7, 2025**. No replies will be filed absent leave of Court.

### IV. Settlement.

The parties will discuss settlement after production of the administrative record.

DATED: June 2, 2025.

By:   /s/ Shawanna L. Johnson
        Shawanna L. Johnson (NV Bar 1279)
        Law Offices of Shawanna L. Johnson, Esq.
        3311 S. Rainbow Blvd., Suite 144
        Las Vegas, NV 89146
        Telephone: (702) 755-6959
        Fax: (702) 294-2229
        sjohnson@sjlawy02.com

*Attorney for Estate of Jim Irving*

DATED:  June 2, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Kristina N. Holmstrom
Kristina N. Holmstrom (NV Bar 10086)
10801 W. Charleston Blvd., Ste. 500
Las Vegas, NV 89135
Telephone: 702-369-6800
Fax: 702-369-6888
kristina.holmstrom@ogletree.com

*Attorneys for Defendant Metropolitan Life Insurance Company*

**IT IS SO ORDERED:**

Dated this  29th  day of  August , 2025.

_____
UNITED STATES MAGISTRATE JUDGE